UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KFORCE INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 4:17-cv-00246-JAJ-SBJ |
| JASON BUCK, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter is before the Court on Plaintiff Kforce Inc.'s ("Kforce") Verified Complaint for Injunctive and Other Relief to enforce the covenants contained in Defendant Jason Buck's ("Buck") Employment, Non-Disclosure and Non-Solicitation Agreement (the "Agreement") (which was filed as Exhibit 1 to Kforce's Complaint), and to enforce the provisions of the Iowa Uniform Trade Secrets Act and the federal Defend Trade Secrets Act. The parties hereby stipulate and agree, and the Court orders, as follows:

1. The parties acknowledge a dispute has arisen regarding Buck's obligations under the Agreement after his employment with Kforce ended. Buck agrees to fully abide by the terms of the Agreement, as amended by this Consent Judgment and Permanent Injunction.

2. In accordance with the parties' understanding and agreement, and this injunction, Buck (and anyone acting in concert with him) is permanently enjoined, as follows:

    a. Until July 5, 2018, from directly or indirectly soliciting or accepting business from the clients listed in a confidential side letter between Buck and Kforce (and such list shall only be shared by Buck with his local leadership at Modis);

    b. Until July 5, 2018, from directly or indirectly soliciting, recruiting, hiring or placing on assignment any temporary employee or consultant with whom Buck had contact and whom Kforce placed on assignment during the last 12 months of his employment with Kforce regardless of whether such employee or consultant is currently on assignment with Kforce;

    c. Until July 5, 2018, from directly or indirectly soliciting any of Kforce's internal employees for employment anywhere outside of Kforce, or otherwise encouraging such employees to terminate their employment with Kforce; and

    d. From using or disclosing any Kforce Confidential Information, as defined in the Agreement ("Kforce Confidential Information"), whether or not Buck believes it to be confidential. This requirement does not have an end date; Buck recognizes and understands that he cannot at any point in time use or disclose such information.

    3. For the purposes of paragraph 2 above, the term "indirectly" shall mean assisting any other person (whether at Modis or otherwise) with respect to any activity or activities that, if performed by Buck, would be prohibited under this Consent Injunction (including, without limitation, providing any information in furtherance of such activity or activities).

    4. As a material inducement to Kforce entering into this Consent Judgment and Permanent Injunction, Buck represents and warrants that he has not taken any Kforce Confidential Information he obtained during the course of his employment at Kforce (whether in hard copy or electronic format), and that he does not have in his possession, custody or control any originals or copies of such Kforce Confidential Information, and that he has not disclosed any Kforce Confidential Information to any other person or entity.

5. By entering into this Consent Judgment and Permanent Injunction, the parties hereby waive any arguments or defenses that this order was or is in any way non-compliant with the Federal or Local Rules of Civil Procedure or is otherwise procedurally deficient.

6. Provided that Buck's representations in Paragraph 3 above are true, all claims and causes of action that were made or which could have been made by Kforce against Buck that accrued on or before the date of this Judgment are merged with and into this Consent Judgment and Permanent Injunction. However, the preceding sentence will be deemed withdrawn and ineffective if Buck violates any of the terms of this Consent Judgment and Permanent Injunction.

7. All claims and causes of action that were made or which could have been made against Kforce or any of its affiliates or employees by Buck that accrued on or before the date hereof are merged with and into this Consent Judgment and Permanent Injunction. Claims released by Buck by virtue of their merging into this Consent Judgment and Permanent Injunction include, but are not necessarily limited to, claims for any type of compensation and any other claims pertaining to or arising out Kforce's pursuit of this lawsuit or Buck's employment with Kforce.

8. By his signature below, Buck waives service of process under Federal Rule of Civil Procedure 4, and expressly consents to the subject-matter and personal jurisdiction of this Court.

9. Buck represents and warrants that he has carefully read this Consent Judgment and Permanent Injunction, and that he has consulted with counsel of his own choosing prior to agreeing to the terms of this Consent Judgment and Permanent Injunction.

10. Each party shall bear his or its own court costs and attorneys' fees.

Respectfully submitted,

DEFENDANT JASON BUCK

By: /s/Michael B. Kass
Scott M. Brennan, AT0001100
Davis, Brown, Koehn, Shors &
Roberts, P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: 515/288-2500
Facsimile: 515/243-0654
scottbrennan@davisbrownlaw.com

Jason Buck

6295 Wistful Vista Dr
West Des Moines, IA 50266
BUCKJM3@gmail.com

and

Michael B. Kass (admitted *pro hac vice*)
Bradley M. Bakker, AT0012523
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Facsimile: 314.621.5065
mkass@armstrongteasdale.com
bbakker@armstrongteasdale.com

Defendant

ATTORNEYS FOR PLAINTIFF
KFORCE INC.

IT IS SO ORDERED.
Dated this 28th day of ~~July~~ August, 2017.

_____
The Honorable John A. Jarvey
U.S. District Court Judge

4